# EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 20GS1700 |
|---|---|
| GASTON County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
Della Lopez, Fred Lopez, Shella Gil, and Paul Imrie

**Address**
525 N Tryon St., Suite 1400

**City, State, Zip**
Charlotte, NC 28202

**VERSUS**

**Name Of Defendant(s)**
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, DIANA IMRIE

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**Date Original Summons Issued**
05/13/2020

**Date(s) Subsequent Summons(es) Issued**

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>751 BROAD ST., 21ST FLOOR<br>NEWARK NJ 07102 | DIANA IMRIE<br>1016 BELMONT VILLAGE DR<br>BELMONT, NC 28012 |

⚠️ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)**
DANIEL FINEGAN
HAMILTON STEPHENS STEELE + MARTIN, PLLC
525 N TRYON ST., SUITE 1400
CHARLOTTE NC 28202

**Date Issued** 05/13/2020 **Time** 11:30 ☐ AM ☒ PM

**Signature** [signature]
☒ Deputy CSC ☒ Assistant CSC ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement** **Time** ☐ AM ☐ PM
**Signature**
☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA      FILED    IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
COUNTY OF GASTON     2020 MAY 13 P 1:31   20-CVS 1700

DELLA LOPEZ, FRED LOPEZ,
SHELLA GIL and PAUL IMRIE,    GASTON CO., C.S.C.

    Plaintiffs,

vs.                                            **COMPLAINT**
                                            **(JURY DEMANDED)**

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA;

    Defendant, and

DIANA IMRIE,

    Nominal Defendant.

COMES NOW, Della Lopez, Fred Lopez, Shella Gil and Paul Imrie (collectively "**Plaintiffs**") by and through counsel, complaining of Defendant The Prudential Insurance Company of America ("**Prudential**") and Diana Imrie, as a nominal Defendant, (together "**Defendants**") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Della Lopez is an individual, not under any disability, who is a resident and citizen of Charleston County, South Carolina.

2. Plaintiff Fred Lopez is an individual, not under any disability, who is a resident and citizen of Fulton County, Georgia.

3. Plaintiff Shella Gil is an individual, not under any disability, who is a resident and citizen of Bartow County, Georgia.

4. Plaintiff Paul Imrie is an individual, not under any disability, who is a resident and citizen of Gaston County, North Carolina.

{00491252.DOCX V. P428.026623;}            1

5. Upon information and belief, Defendant The Prudential Insurance Company of America is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in New Jersey and licensed or registered with the North Carolina Department of Insurance to operate within the state of North Carolina.

6. Defendant Diana Imrie is an individual, not under any disability, who is a resident and citizen of Gaston County, North Carolina.

7. Venue is proper in this County under N.C. Gen. Stat. §§ 1-76, 1-77, 1-80, and 1-82.

8. This Court has jurisdiction over all parties set forth herein.

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS

9. Plaintiffs Della Lopez, Fred Lopez, and Shella Gil, together with non-party Sam Lopez and Defendant Diana Imrie are the surviving half-siblings of non-party Sherry Hill (the "**Surviving Siblings**")

10. Sherry Hill was the policy holder of a group life insurance policy issued by Prudential (Policy No. 23883, issued effective June 1, 2007) (the "**Policy**").

11. On March 22, 2016, Sherry Hill died after succumbing to medical complications from a suicide attempt on the evening of March 17, 2016. Sherry Hill was a resident and citizen of Gaston County, North Carolina living in Georgia at the time of her death.

12. Prior to March 22, 2016, Sherry Hill had never provided to Prudential or any related entity a valid designation of beneficiary for the Policy.

13. Sherry Hill had lifelong learning disabilities and developmental delays and she depended on the assistance of others to live and to conduct her personal matters. During adulthood, Hill repeatedly tested in the bottom 1% in neurocognitive testing.

14. Diana Imrie was the joint caretaker with Paul Imrie for Sherry Hill for several years from 2007 through late 2014.

15. Diana Imrie and Paul Imrie were married, but divorced in December 2014. From 2015 through March 2016, Sherry Hill continued to reside with Diana Imrie.

16. On or around March 15, 2016, after losing control of her bank accounts and remaining personal financial assets, Sherry Hill sought and received the assistance of her half-sister, Della Lopez, to relocate to Georgia.

17. On March 17, 2016, Della Lopez, at the request and instruction of Sherry Hill, and with her participation, made a "relay call" to Prudential, communicating Ms. Hill's instruction to cancel the Policy due to her loss of access to her personal financial assets and precarious financial condition. At that time, the next payment of $134.46 was due by April 1, 2016. Due to her disabilities, Sherry Hill regularly required the assistance of family members and others as permitted under Title III of the Americans with Disabilities Act to effectively communicate with outside entities. Sherry Hill was residing with Della Lopez at the time of this call. Sherry Hill was present and participated in the March 17, 2016 call to the extent she was able with Della Lopez relaying this to Prudential.

18. During the cancellation call on March 17, 2016, the Prudential representative acknowledged and accepted the stated intent to cancel the Policy and was notified that Sherry Hill's contact information and address had changed.

19. As of March 22, 2016, Sherry Hill had no surviving spouse, no surviving children, and no surviving parents. As a result, according to Prudential's stated terms of the Policy, if the Policy had not been cancelled, the proceeds of the Policy should have been paid to the Surviving

Siblings in equal shares or to the estate of Sherry Hill as Prudential was not in possession of an effective designation of beneficiary.

20. At the time of Sherry Hill's death, it was Plaintiffs' understanding that the Policy had been cancelled at the request of Sherry Hill, and that Prudential had up to date contact information for matters relating to the Policy, and so no further effort was made to contact Prudential relating to the Policy.

21. Shortly after the death of Sherry Hill, Diana Imrie collected Sherry Hill's financial records and documentation relating to the Policy and kept this documentation from the possession or knowledge of the other Surviving Siblings.

22. On March 25, 2016, Della Lopez reconfirmed to Diana Imrie that the Policy had, to her understanding, been cancelled.

23. On April 19, 2016, Prudential learned that Sherry Hill had died, but as a result of it failing to properly utilize her updated contact information that was provided during the cancellation call, they did not reach out to the proper family contacts, but instead notified her outdated contact, thus improperly bypassing Plaintiffs, of who Prudential had knowledge.

24. Without the knowledge of Plaintiffs, on or around May 10, 2016, Diana Imrie provided to Prudential, and Prudential thereafter agreed to accept, a designation of beneficiary form allegedly signed by Hill that named Diana Imrie as the sole beneficiary of the Policy (the "2016 Designation").

25. Prudential had no record of the 2016 Designation prior to Diana Imrie providing the same in May 2016.

26. Upon information and belief, Diani Imrie filled out the 2016 Designation form as it appears to be her handwriting.

27. The 2016 Designation was also submitted in a form to appear as if it had been previously provided in the same form to Prudential or an authorized agent to receive such form in 2007 by facsimile transmission. However, the 2016 Designation was never physically delivered as required by Prudential's own policies and procedures and the written instructions on the form. The facsimile copy of the alleged 2016 Designation which Diana Imrie provided to Prudential lacked sufficient confirmation of transmission and other supporting documentation which would permit a good faith determination by Prudential that it had, in fact, been completed and submitted to Prudential by or on behalf of Sherry Hill prior to her death.

28. In May 2016, Prudential and Diana Imrie had repeated communications regarding paying out the entire Policy benefit to Diana Imrie. At no time did Prudential or Diana Imrie communicate with Plaintiffs regarding the existence or substance of these communications or any questions/controversy regarding the authenticity of the 2016 Designation.

29. Upon information and belief, on May 25, 2016, Diana Imrie provided Prudential with a Death Certificate for Sherry Hill containing knowingly false and misleading information and which did not reflect that the cause of death was suicide.

30. Without notification or communication to Plaintiffs, Prudential arbitrarily and capriciously agreed to accept the unverifiable, unauthenticated, and improperly submitted 2016 Designation, which even Prudential itself ultimately acknowledged was only "purportedly" signed by the insured, as valid and agreed to pay the entire amount of the Policy to Diana Imrie.

31. Prudential did so without a good faith basis in fact or law to make such a determination and failed and refused to communicate with Plaintiffs regarding the continuing existence of the Policy or 2016 Designation until, at the earliest, April 19, 2017, after demands by Plaintiffs.

{00491252.DOCX V. P428.026623;}

5

Case 3:20-cv-00386-GCM    Document 1-1    Filed 07/16/20    Page 7 of 16

32. Once Prudential acknowledged that the Policy had not been cancelled, from May 2017 through the present, Plaintiffs Della Lopez and Paul Imrie, on behalf of all Plaintiffs and the estate of Sherry Hill, have repeatedly communicated with Prudential in an attempt to correct its determination and to either reflect that Sherry Hill intended to cancel the Policy or that the Policy should have paid out to the Surviving Siblings in equal shares, or to the estate of Sherry Hill.

33. In response to the good faith efforts of Della Lopez and Paul Imrie to correct Prudential's erroneous determination, Prudential began a systematic retaliatory effort to cover up its internal operational failures and disparage the character of Della Lopez and Paul Imrie.

34. In late 2017, Prudential agreed to conduct an investigation of the circumstances surrounding the Policy in response to the demands of Della Lopez and Paul Imrie. However, rather than acknowledging and correcting its own internal errors, Prudential utilized civil and regulatory proceedings against Della Lopez and Paul Imrie for the improper purpose of intimidating and discouraging them from further investigating Prudential's improper actions and pursuing the lawful rights of the actual beneficiaries of the Policy.

35. Upon information and belief Prudential's investigation was led by Peter Friscia, Dan Brown and Marc Rothenberg of the Corporate Investigation Division, and its faulty and defamatory findings were endorsed and approved by John Rosero, David Stone-Webb, Andrew Sforzini, and Kimberly Watson, of the Enterprise Risk Management oversight committee.

36. In connection with its investigation, Prudential accused Della Lopez and Paul Imrie of insurance fraud and referred their names and identifying information to the Georgia Department of Insurance for prosecution, and further maliciously submitted their names and posted non-public personal identifying information about them (including their dates of birth and social security numbers in violation of N.C. Gen. Stat. § 75-62) on the National Association of Insurance

{00491252.DOCX V. P428.026623;}         6

Case 3:20-cv-00386-GCM    Document 1-1    Filed 07/16/20    Page 8 of 16

Commissioners' Online Fraud Reporting System (the "OFRS"). Prudential did this solely for the purpose of intimidating and dissuading Della Lopez from further investigating or pursuing the lawful rights of the Surviving Siblings under the Policy.

37. Prudential had no good faith basis, in fact, to support its reporting Della Lopez and Paul Imrie to the Georgia Department of Insurance for prosecution/investigation or, upon information, for publicizing their names and non-public identifying information to the national OFRS system. By registering their identities with the OFRS and filing regulatory submissions against them, Prudential has exposed both Della Lopez and Paul Imrie to criminal charges, denial of access to insurance coverages, and registered them in a system which is accessed across the United States by insurers and regulators and which will remain publicized as a false, defamatory and derogatory charge against them for the indefinite future.

38. Prudential further provided some or all of this information to Diana Imrie in order for these details to be used to gain an advantage against Della Lopez and Paul Imrie in ancillary litigation between those parties and to further intimidate Della Lopez and Paul Imrie from engaging in good faith investigation of Prudential's actions.

39. Prudential has continued to wrongfully refuse to acknowledge its error and continues to pay out the benefit of the Policy to Diana Imrie.

40. From March of 2016 through at least September 2018, Prudential actively concealed from the Plaintiffs the underlying facts that Sherry Hill had no designated beneficiary on her policy, or original designation form on file, at the time of her death and that the Policy benefit payments rightfully belonging in equal shares to the Plaintiff Surviving Siblings were being paid out solely to Diana Imrie. This deliberate deception, coupled with the malicious actions taken against Della Lopez and Paul Imrie were intended to hide, and did in fact hide, their numerous

operational failures and deprive the Plaintiffs of knowledge of their legal rights for more than two and a half years.

### FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT
(Claim of Fred Lopez, Della Lopez, and Shella Gill, as to Defendants)

41. Plaintiffs Fred Lopez, Della Lopez, and Shella Gil reallege and incorporate the allegations of the Complaint contained in the preceding Paragraphs as if they were set forth herein in their entirety.

42. As alleged herein, Prudential was required to pay out the benefit of the Policy to the Surviving Siblings in equal shares.

43. Through and including late 2019, Prudential has wrongfully paid some or all of the Policy's benefit solely to Diana Imrie. To the extent any policy benefits have not yet been paid by Prudential, Plaintiffs Fred Lopez, Della Lopez, and Shella Gil are entitled to a judgment against Prudential to recover the same.

44. As described herein, an actual controversy exists between Plaintiffs Fred Lopez, Della Lopez, and Shella Gil on the one hand, and Prudential on the other hand, regarding the payment of the benefits of the Policy by Prudential.

45. Plaintiffs Fred Lopez, Della Lopez, and Shella Gil request that, pursuant to N.C. Gen. Stat. § 1-253 *et seq.* the Court declare their rights, status and other legal relations under the Policy and with respect to the payments owed to them by Prudential under the Policy.

46. Plaintiffs Fred Lopez, Della Lopez, and Shella Gil specifically request that the Court enter an order directing that all benefit payments that should have been paid out under the Policy be paid in equal shares to the Surviving Siblings.

47. To the extent that Diana Imrie has already received her rightful share of the benefit payments under the Policy, Plaintiffs Fred Lopez, Della Lopez, and Shella Gil specifically request that the Court enter an order declaring that her receipt of such payments be credited against any share she would rightfully be entitled to receive as a Surviving Sibling.

**SECOND CAUSE OF ACTION**
**ABUSE OF PROCESS**
**(Claim of Della Lopez and Paul Imrie as to Prudential)**

48. Plaintiffs Della Lopez and Paul Imrie reallege and incorporate the allegations of the Complaint contained in the preceding paragraphs as if they were set forth herein in their entirety.

49. As alleged hereinabove, Prudential possessed an ulterior motive for referring Della Lopez and Paul Imrie to the Georgia Department of Insurance ("GDOI") for fraud, regulatory investigation, and potential criminal prosecution, and for registering their names and non-public identifying information with the OFRS, in that Prudential sought to discredit and intimidate them and cover up its own malfeasance in its failure to communicate with the Surviving Siblings, its failure to adequately investigate the appropriate beneficiary of the Policy, and its failure to pay the benefits to the Surviving Siblings.

50. In addition, Prudential intentionally withheld from Della Lopez and Paul Imrie, the fact that they had been referred to government regulators for criminal prosecution, thus denying them opportunity to adequately and timely respond and defend their conduct.

51. In its filings with the GDOI and registration with the OFRS, Prudential falsely accused Della Lopez of impersonating Sherry Hill and accessing the Sherry Hill's account without authorization when Prudential knew that Della Lopez was participating with Sherry Hill in making a legitimate "relay call" at the direction of and in support of Sherry Hill. Sherry Hill was heard on

the telephone call instructing and communicating with Della Lopez to relay her communications to Prudential to the best of her ability.

52. In its filings with the GDOI, Prudential falsely reported Paul Imrie of aiding and abetting Della Lopez in making the cancellation call, when they knew in fact Mr. Imrie was not part of the telephone call and did not learn of any call by the insured to Prudential until weeks later. Prudential made this false statement both in the initial report and in subsequent communications with GDOI in its efforts to discredit and intimidate Paul Imrie and Della Lopez.

53. In connection with its referral to the GDOI and registration with the OFRS, Prudential also filed and made unauthorized disclosure of the non-public information of Della Lopez and Paul Imrie, including their unredacted social security numbers and dates of birth.

54. Della Lopez and Paul Imrie have been forced to respond to the referrals to the GDOI and engage in subsequent investigation by the Delaware Department of Insurance ("DDOI") in order to defend their good faith conduct and efforts to avoid further prosecution and risk of career and reputational damage arising as a result of reporting on the OFRS.

55. Prudential's acts as alleged herein were undertaken in direct response to the claims and submissions of Della Lopez and Paul Imrie to pursue the lawful rights of the Surviving Siblings and/or the Estate of Sherry Hill under the Policy.

56. Upon information and belief, Prudential's malicious referral to the GDOI and underlying false statements were provided to Diana Imrie in connection with a complaint she filed against Della Lopez and Paul Imrie in May 2018.

57. Prudential's acts in referring Della Lopez and Paul Imrie to the GDOI and subsequent registering their identities with NAIC and OFRS was done:

a. to discredit and intimidate them into ceasing their ongoing attempts to pursue lawful rights of the Surviving Siblings under the Policy;

b. to voluntarily and unnecessarily disclose personal identifying information in violation of N.C. Gen. Stat. 75-62 to jeopardize their professional employment status and opportunities;

c. to undercut and attack their credibility in the prosecution of the Surviving Siblings claims under the Policy.

58. Prudential's conduct as alleged herein constitutes an abuse of process to accomplish an ulterior motive. Della Lopez and Paul Imrie have been damaged as a direct and proximate result of Prudential's conduct in an amount to be determined, but which exceeds $25,000.

59. Prudential's conduct as alleged herein, was done with reckless, willful and wanton disregard of the rights of Della Lopez and Paul Imrie, and with actual malice towards them. Prudential's conduct was done with a desire to discredit the integrity and oppress the lawful rights of Della Lopez and Paul Imrie, and to eliminate Della Lopez's claim of entitlement to a share of the benefit of the Policy as a Surviving Sibling.

60. Accordingly, Della Lopez and Paul Imrie are entitled to punitive damages and attorneys' fees as a result of the conduct by Prudential, which conduct was willful and malicious and caused willful and malicious injury.

### THIRD CAUSE OF ACTION
### UNFAIR AND DECEPTIVE TRADE PRACTICES
(All Plaintiffs' Claim as to Prudential)

61. Plaintiffs reallege and incorporate the allegations of the Complaint contained in the preceding paragraphs as if they were set forth herein in their entirety.

{00491252.DOCX V. P428.026623;}                                11

Case 3:20-cv-00386-GCM     Document 1-1     Filed 07/16/20     Page 13 of 16

62. The above-described actions of Defendant Prudential were in commerce or affected commerce as set forth and defined in N.C. Gen. Stat. § 75-1.1 *et seq.*

63. The above-described actions of Prudential constitute a bad faith failure to communicate with the Surviving Siblings as a group who constituted the "insured" under the Policy after the death of Sherry Hill. Rather than communicate in good faith with the Surviving Siblings, Prudential accepted facially inadequate documentation in order to designate Diana Imrie as the sole beneficiary of the Policy.

64. Further, as described above, Prudential made intentional misrepresentations and concealed from the Plaintiff Surviving Siblings the fact that Sherry Hill had no beneficiary, and that they were the rightful beneficiaries, and that Prudential had improperly paid out the death benefit without communicating with them as required.

65. As described above in the Second Cause of Action, that Prudential has misused and abused legal process to intimidate and discredit Della Lopez and Paul Imrie in their good faith efforts to advance the lawful wishes of Sherry Hill and the legal rights of the Surviving Siblings.

66. The above-referenced actions of Defendant Prudential constitute unfair and deceptive trade practices in violation of Chapter 75 of the North Carolina General Statutes, as, among other things, Defendants acted in a manner that was immoral, unethical, oppressive, had a tendency to deceive, and/or was substantially injurious to Plaintiff.

67. The above-referenced actions of Defendant Prudential violated Prudential's lawful obligations to interact with all the Surviving Siblings in good faith, to provide them timely and accurate information regarding the Policy and its benefits, and to timely and reasonably resolve their claims in good faith. Prudential's conduct as alleged herein violated N.C. Gen. Stat. §§ 58-63-15(11)(a), (b), (c), (d), (f), (g), and (n).

68. As a direct and proximate result of Prudential's unfair and deceptive actions, Plaintiffs have been damaged in an amount in excess of $25,000.

69. Pursuant to N.C.G.S. § 75-16, Plaintiffs are also entitled to recover from Prudential trebled compensatory damages.

70. Pursuant to N.C.G.S. § 75-16.1, Plaintiff is also entitled to recover from Prudential its reasonable attorneys' fees.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief:

A. That Plaintiffs Fred Lopez, Della Lopez, and Shella Gil be granted a judgment declaring their rights under the Policy and to the payments issued thereunder as to all Defendants as set forth in their First Cause of Action;

B. That Plaintiffs have and recover their damages from Defendant Prudential in an amount to be proven at trial;

C. That Plaintiffs Della Lopez and Paul Imrie be granted punitive damages in their favor against Defendant Prudential in an amount to be proven at trial;

D. That Plaintiffs be granted treble damages in their favor against Defendant Prudential pursuant to N.C. Gen. Stat. § 75-1.1. *et seq.*;

E. That Plaintiffs be awarded their reasonable attorneys' fees incurred in the preparation and prosecution of this action.

F. For a trial by jury on all issues so triable;

G. That the Court award Plaintiffs such additional relief in Plaintiffs' favor as the Court deems just and equitable.

This the 13 day of May, 2020.

                                      HAMILTON STEPHENS
                                      STEELE + MARTIN, PLLC

                                      By: /s/ _____
                                      M. Aaron Lay (NC Bar No. 38797)
                                      Daniel J. Finegan (NC Bar No. 36754)
                                      525 N. Tryon Street, Suite 1400
                                      Charlotte, NC 28202
                                      Telephone: 704-344-1117
                                      malay@lawhssm.com
                                      dfinegan@lawhssm.com

                                      *Counsel for Plaintiffs*