IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00386-GCM

| DELLA LOPEZ, PAUL IMRIE, FRED LOPEZ, SHELLA GILL, | |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

**THIS MATTER** comes before the Court upon Plaintiffs Della Lopez, Fred Lopez, Shella Gill, and Paul Imrie ("Plaintiffs") Motion to Remand (ECF Doc. 7), which was filed on July 22, 2020. Defendant The Prudential Insurance Company of America ("Prudential") filed its Memorandum in Opposition to Plaintiffs' Motion to Remand ("Response") (ECF Doc. 10) on August 14, 2020 and Plaintiffs filed their Reply (ECF Doc. 12) on August 21, 2020. Now being fully briefed, this matter is ripe for consideration and the Court finds the following.

I. **BACKGROUND**

For purposes of this Motion to Remand, the relevant facts are that Plaintiffs allege Prudential acted improperly in its role as insurer of the life insurance policy ("Policy") for Sherry Hill, who is the deceased half-sister to Plaintiffs Della Lopez, Fred Lopez, and Shella Gill. According to Plaintiffs, Prudential wrongfully distributed benefits under the Policy to Diana Imrie, another half-sibling, instead of to all surviving half-siblings. Plaintiffs filed their complaint in

State Court on May 13, 2020 and served Prudential on May 28, 2020. In their complaint, Plaintiffs made claims against Prudential and named Diana Imrie as a nominal defendant.

On June 18, 2020, Plaintiffs dismissed nominal defendant Diana Imrie without prejudice. Then, Prudential filed a Notice of Removal on July 16, 2020. In the Notice of Removal, Prudential noted that Plaintiff Paul Imrie and Defendant Diana Imrie were both identified as citizens and residents of North Carolina. Prudential alleged that complete diversity did not exist until Diana Imrie was dismissed from the case. Thus, Prudential claimed that its Notice of Removal was timely because it was filed within thirty days of Diana Imrie's dismissal. Plaintiffs then filed this Motion to Remand on July 22, 2020, claiming removal was untimely.

## II.     STANDARD OF REVIEW

The right to remove a case from state to federal court derives from 28 U.S.C. § 1441, which provides that

> any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (2018). In relevant part, the removal procedures require a notice of removal to be filed within thirty days after a defendant's receipt of a copy of the initial pleading, except that, if the initial pleading is not removable, the notice may be filed within thirty days of receipt of some paper where it is first ascertainable that the case has become removable. *Id.* § 1446(b).

"Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.* Such burden includes that of demonstrating that the removal procedures set forth in Section 1446(b) have been followed. *Marler v. Amoco Oil Co.*, 793 F. Supp. 656, 658 (E.D.N.C.

1992).  "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151; *see also Marler*, 793 F. Supp. at 658.

## III. DISCUSSION

The thrust of this Motion to Remand is that removal was untimely because Diana Imrie was a nominal defendant in the original complaint, thus, her presence as a nominal defendant did not prevent removal from the outset.  The parties agree that diversity jurisdiction is based on the citizenship of "real and substantial parties to the controversy" and "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980).  Thus, because Diana Imrie was named as a nominal party and there was otherwise complete diversity, the face of the complaint indicates that Prudential should have removed no later than thirty days after it acknowledged receipt of service of the complaint.  Prudential indisputably did not do so.

Nevertheless, Prudential argues this Court should not remand the case because, despite being named as a nominal defendant, Diana Imrie was not actually a nominal defendant.  Yet, the question should be one of objective inquiry, where the Court should ask when Prudential had notice of the grounds for removal.  *See Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997).  Regardless of whether Prudential subjectively believed Diana Imrie was improperly named as a nominal party, the complaint undoubtedly put Prudential on notice that Diana Imrie was named as a nominal party and, thus, she did not prevent removal.  Prudential has failed to meet its burden of establishing that removal was timely in this case.  In reaching this conclusion, the Court reiterates the importance of adhering to the requirements of the removal statutes, as well as the importance of construing doubts regarding removal jurisdiction in favor of remand.

## IV. ORDER

For the reasons indicated herein, it is hereby ordered that Plaintiff's Motion to Remand (ECF Doc. 7) is **GRANTED**.

**SO ORDERED**.

Signed: February 23, 2021

Graham C. Mullen
United States District Judge